### FLYNN v. JOLINE et al.

(Supreme Court, Appellate Division, First Department. December, 3, 1909.)

1. STREET RAILROADS (§ 98*)—INJURY TO PERSON ON TRACK—NEGLIGENCE.

    Where a person, seeing a rapidly approaching street car, signaled it to stop and then attempted to cross the street in front of it, to board it on the other side of the street, as was necessary, and was struck and killed, he was negligent, precluding a recovery.

    [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–208; Dec. Dig. § 98.*]

2. STREET RAILROADS (§ 114*)—INJURY TO PERSON ON TRACK—ACTIONS—EVIDENCE—NEGLIGENCE. .

    Evidence *held* not to show that a motorman, in charge of a street car killing a person on the track, was negligent.

    [Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 114.*]

    Laughlin and Houghton, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Michael J. Flynn, administrator of Frank Walsh, against Adrian H. Joline and another, receivers of the New York City Railway Company. From a judgment for plaintiff, and an order denying a new trial, defendants appeal. Reversed, and new trial ordered.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ. ·

Bayard H. Ames, for appellants.

Charles Steckler, for respondent.

INGRAHAM, J. One of the witnesses called for the plaintiff testified that he first saw the deceased between 11 and half past 11 o'clock on the night of the 17th of March, 1908, crossing from the west side of Ninth avenue at Forty-First street. The car evidently was in plain sight, coming very fast. He testified that the deceased stepped on the track in front of the approaching car; that he was struck when stepping on the track; that as soon as he got on the rail the car hit him. This witness was the only one who had seen the deceased prior to the accident. It is thus undisputed that the deceased stepped immediately in front of a rapidly approaching car, and was struck as he stepped on the track. That he saw the approaching car is evident, as he was seen waving his hand for the motorman to stop. It is thus apparent that the deceased was not on the track for a sufficient time to enable the motorman to stop the car before running him down.

The only ground upon which it could be claimed that the motorman was negligent was because he approached a crossing without having

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his car under control; but, while the witness speaks of the car coming very fast, no attempt is made to state the rate at which the car was traveling, and there is nothing to justify a finding that the motorman had not the car under control, so that he could stop it at the crossing, where he had noticed that a person was about to cross the track. I do not think, therefore, that there was any evidence that the defendant was negligent; but certainly the evidence is conclusive that the plaintiff, seeing the approaching car, stepped on the track in front of it, and was thus guilty of contributory negligence. There was no evidence that the car was not lighted, or that there was any obstruction which prevented the deceased from seeing the approaching car; and that he did see it was apparent from the fact that he desired the motorman to stop. Undoubtedly the deceased wished to take this car on its way uptown. He had to cross the track before he could board the car, and he evidently thought that by motioning the motorman to stop he could get across the track before the car struck him, and in that he was evidently mistaken, as he was struck as he stepped upon the track. It was clearly a negligent act to step in front of a rapidly approaching car, and the accident was therefore caused by the deceased's negligence.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event.

McLAUGHLIN and SCOTT, JJ., concur.

LAUGHLIN, J. (dissenting). I am of opinion that the evidence was sufficient to take the case to the jury, and to sustain the verdict, both on the main issues and with respect to the amount of damages, and that no error prejudicial to the rights of the appellant was committed upon the trial. The decedent was a strong, healthy, intelligent man, in the enjoyment of all his faculties, and 42 years of age. He was in the employ of the defendant as a motorman, and had been employed by the street railroads in the city of New York upwards of 25 years, and was earning $25 per week. He was both temperate and industrious. He resided at 419 West Fifty-Third street, and on the 17th day of March, 1908, he was off duty. At about 11 o'clock in the evening of that day, while crossing the north-bound track of the surface street railway company of which the defendants are the receivers, on Ninth avenue, on the northerly crosswalk of Forty-First street, the decedent was struck by a north-bound car and was instantly killed.

The only eyewitnesses to the accident were strangers to him, and therefore we have no information as to where he had been or whither he was going, excepting as it may be inferred from the time of night and the location of his residence, which was 12 blocks northerly of the point of the accident. Just before the accident he was seen walking easterly at an ordinary pace, crossing Ninth avenue on the northerly crosswalk of Forty-First street, and as he stepped onto the north-bound track he looked toward the car, which was then approaching from the south and at a point below the southerly crosswalk of Forty-First street—according to the testimony of some of the witnesses, one

or two houses below that point—and he held up his right hand as if to signal the motorman to stop. It is probable that he intended to board the car, which was going in the direction of his home. There was an electric light at the northwest corner of Forty-First street and Ninth avenue, and the elevated railway, supported by ordinary pillars, passes over the avenue at the locus in quo. The evidence tends to show that the car was coming very rapidly, that it did not slow down at the crossing, and that the motorman did not have it under control, as was his duty in passing over the crossing; for it struck the plaintiff as soon as he had taken one or two steps on the track, and while he was between the rails of the track, and pushed him along the track and rolled him under the car, from that point to the middle of the block between Forty-First street and Forty-Second street, before the car stopped.

We may perhaps from common observation take judicial notice that surface cars do not ordinarily pass over intersecting streets at such speed that they cannot be stopped within 100 feet; but, on the other hand, common observation enables us to say that at night, when the streets are comparatively clear, this occurs at times. There can be no doubt that the motive power would have enabled the motorman to propel the car over this crossing at a highly dangerous speed. Therefore the evidence with respect to the speed, in view of the uncontroverted facts that the decedent was struck on the northerly crosswalk and was carried about 100 feet before the car stopped, is not improbable. The decedent had a right to assume that the car was being operated at a proper rate of speed and was under control, unless he discovered, or by the exercise of such care as a person of ordinary prudence would have exercised he would or should have discovered, the contrary. In the circumstances, it cannot be said as matter of law that he should have discovered that the car was approaching at an excessive rate of speed, and that it was to be run over this crossing in utter disregard of his rights, as might well be inferred from the facts attending the accident.

I agree with the finding of the jury, embodied in the verdict, that the reasonable inference is that the decedent did not discover, and could not have discovered by the exercise of ordinary care, that this car would overtake him before he had time to cross the track. With respect to the negligence of the defendant, a verdict in its favor would be, I think, clearly against the preponderance of the evidence.

I therefore vote for affirmance.

HOUGHTON, J., concurs.